**FILED & ENTERED**

**NOV 23 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Lazara Idalis Diaz,<br><br><br><br><br><br>          Debtor(s). | Case No.: 2:15-bk-13586-NB<br><br>CHAPTER 13<br><br>**MEMORIALIZATION OF TENTATIVE RULING THAT ONE CO-OBLIGOR CANNOT MODIFY THE RIGHTS OF A LIENHOLDER AS AGAINST THE OTHER OBLIGOR**<br><br>Date:         November 19, 2015<br>Time:        8:30 AM<br>Courtroom: 1545 |

At the date, time and place set forth above, this court held a continued hearing on the debtor's motion to avoid lien (dkt. 35, the "Motion"). Appearances were as noted on the record. Prior to the hearing, this court posted its tentative ruling on the Motion, which was not contested and was adopted as the final ruling. For completeness of the record, a copy of that tentative ruling is attached hereto as **Exhibit A**.

###

Date: November 23, 2015

Neil W. Bason
United States Bankruptcy Judge

-1-

# EXHIBIT A

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

| | |
|---|---|
| **Thursday, November 19, 2015** | **Hearing Room 1545** |

<u>8:30 AM</u>
**2:15-13586**    **Lazara Idalis Diaz**    **Chapter 13**

#19.00    Cont'd hrg re: Motion to avoid junior lien
on principal residence with Pacific
Western Bank
fr. 10/29/15

Docket    35

**Tentative Ruling:**

**Tentative Ruling for 11/19/15:**
Deny the motion for the following reasons.  <u>Appearances are not required</u>.

<u>Reasons</u>:
(1) <u>Background</u>
At the hearing on 10/29/15 the parties addressed this court's extensive tentative ruling for that hearing (reproduced below).  This court was not persuaded to depart from that tentative ruling in any respect that is material to the following discussion, so it governs (the "10/29/15 Ruling"), except that the lienholder persuaded this court that it would be a waste of time and resources to proceed with this motion to strip down the lien insofar as it secures the <u>debtor's</u> obligation to the lienholder unless the debtor's co-obligor brother filed his own bankruptcy case and filed a motion to strip down the lien insofar as it secured <u>his own</u> obligation to the lienholder (as set forth in part "(4)" of the 10/29/15 Ruling).

(Other minor departures from the 10/29/15 tentative ruling are irrelevant to the following discussion.  Primarily, this court decided not to issue an OSC regarding sanctions.  In addition, this court was persuaded that the automatic stay did not, in fact, prevent the lienholder from foreclosing on the business equipment because at the time when it did so this case had been dismissed (dkt. 20), before the dismissal was later vacated (dkt. 28).  But that was an alternative basis for one of this court's subsidiary rulings, so it makes no difference to the disposition of this matter.)

(2) <u>Continuance for the debtor's brother to file his own bankruptcy case, and to address numerous deficiencies</u>

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, November 19, 2015**  **Hearing Room  1545**

8:30 AM
CONT...    **Lazara Idalis Diaz**    **Chapter 13**

As noted above, one purpose of continuing the hearing was for the debtor to attempt to arrange for her brother to file his own bankruptcy case and file his own lien strip motion, which presumably would be consolidated before this Bankruptcy Judge. The other purpose of continuing this hearing was for the debtor to cure the numerous other defects noted in the 10/29/15 tentative ruling.

Part "(6)" of the 10/29/15 Ruling set a deadline of 11/5/15 for the debtor and her attorney to file and serve (i) an amended motion on the correct form, with corrected evidence regarding the dollar amount of the senior lien on the relevant date, and corrected allegations as to the purported value of the property, (ii) corrections of all prior inconsistent statements (those that allege that the house is *not* the debtor's principal residence), (iii) declarations under penalty of perjury explaining how they came to make their false statements, and (iv) declarations under penalty of perjury stating that they have carefully reviewed all other documents filed in this case for accuracy, and correcting those documents as needed. None of that has been done.

To the contrary, the debtor has filed an amended plan that continues to treat the property as her principal residence (at least for some purposes) (dkt. 46, p.5, class 2). In addition, her amended bankruptcy Schedule I (dkt. 47, at PDF p.4) states that she is a care giver for two people who share her last name (her parents? - they are listed as dependents on her bankruptcy Schedule J (dkt. 47 at PDF p.5)) at the same address as the subject property, which she previously declared was her principal residence. Rather than helping the debtor's cause, her latest filings suggest that she cannot overcome the prima facie evidence (recited in the 10/29/15 Ruling) that the property is her principal residence and therefore she cannot avoid the lien.

In addition, rather than attempt to arrange for her brother to file his own bankruptcy petition and prosecute his own lien avoidance motion, the debtor has filed a reply (dkt. 44) that renews her arguments (dkt. 40, p.3:7-9) that she can modify the lien because her brother "will execute a quitclaim deed" to her and that belatedly attempts to rebut the argument in the opposition (dkt. 38, p.4:27-5:11) that the debtor cannot obtain "a release of [the creditor's] lien against the Property she co-owns with her brother unless she pays the full amount owed to [the creditor] through her Chapter 13 Plan." (Citations omitted.)

The tentative ruling is not to accept this untimely argument in support of an uncorrected motion that is unsupported by declarations that this court's

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, November 19, 2015**                          **Hearing Room**    **1545**

8:30 AM
CONT...    Lazara Idalis Diaz                                         **Chapter 13**

10/29/15 Ruling mandated.  Moreover, the debtor's arguments rely on taking quotations and principles from other cases out of context, and fail to address the reasoning of the 10/29/15 Ruling.

     To reiterate, liens stay on collateral regardless of any (unauthorized) transfer of ownership.  With or without a transfer, the collateral still secures the <u>full</u> amount of <u>her brother's</u> unpaid debt obligations, regardless whether or not the debtor can reduce <u>her own</u> in rem obligation.

     Moreover, the debtor's interpretation of the statute makes no sense.  It would follow that all borrowers who wished to avoid junior liens on their principle residences would simply execute transfers of their real properties to family members or other friendly parties, who would then file bankruptcy cases and move to avoid the junior liens while the borrowers continued to reside in the subject properties.  This court will not adopt an interpretation of the statute that eviscerates its provisions.

     For all of the foregoing reasons the tentative ruling is to deny the motion.  On a related issue, <u>if</u> the debtor persuades this court to continue her confirmation hearing, then she can file a new motion on the correct form and supported by the correct evidence, filed declarations and corrected schedules and other documents in an attempt to correct all of her prior inconsistent statements, and attempt to arrange for her brother to file his own bankruptcy case and prosecute his own lien avoidance motion (presumably in consolidated proceedings before this Bankruptcy Judge).  Those issues can be addressed separately at the confirmation hearing.

If you wish to dispute the above tentative ruling, please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings".

**Tentative Ruling for 10/29/15:**
<u>Appearances required</u>.  The tentative rulings on various issues raised by the parties are addressed below.

     (1) <u>Statutory provisions</u>.  Claims secured by a lien on property of the bankruptcy estate ordinarily can be "bifurcated" into a secured claim up to the value of that lien and an unsecured claim for the deficiency (11 U.S.C. 506(a) &(d)).  But a claim cannot be bifurcated if it is "secured <u>only</u> by a security interest in real property that is the debtor's <u>principal residence</u>." (11 U.S.C.

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Thursday, November 19, 2015                                       Hearing Room     1545

<u>8:30 AM</u>
**CONT...**      **Lazara Idalis Diaz**                                                **Chapter 13**

1123(b)(5), 1322(b)(2), emphasis added).
       (That "principal residence" exception does not apply if the lien is entirely "underwater" because then it is not a "secured" claim at all. *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002); *In re Lam*, 211 B.R. 36 (9th Cir. BAP 1997). But as set forth below, Judge Bason is not persuaded that the "only" collateral at the relevant time was the debtor's principal residence, and in addition the debtor does not appear to be alleging that the lien is entirely underwater, although the evidence is contradictory.

       (2) <u>Date for determination of all issues</u>. Judge Bason's tentative ruling is to require all issues to be determined *at or near the petition date - i.e.,* (a) property valuation, (b) senior lien amounts, (c) whether the property is the debtor's principal residence, and (d) whether the junior lien is secured "only" by a security interest in real property that is the debtor's principal residence should all be determined as of the petition date. *See In re Gutierrez* (case no. 2:12-bk-49133-NB, docket no. 37).

       (3) <u>The junior lienholder's first objection (11 U.S.C. 109(e)) is irrelevant</u>. The junior lienholder includes, within its opposition to the debtor's motion to strip down its lien (dkt. 38, p.4:5-26), an objection that the debtor has violated 11 U.S.C. 109(e) and therefore is ineligible for chapter 13 relief. The junior lienholder has not established how that issue is relevant to a lien strip motion.
       The junior lienholder can, if it wishes, move to dismiss or convert this case. *See* 11 U.S.C. 1307(c) & (d). At that time this court can consider whether the debtor is eligible for chapter 13 according to her bankruptcy schedules (dkt. 11, PDF pp. 10-11 & 14) and, if not, whether this case should be dismissed or converted to chapter 7 or 11. *Cf.* Reply (dkt. 40, pp. 2:1-3:6) *and* Orantes Decl. (dkt. 41, para. 4) (both asserting that the junior lienholder's claim is not subject to ready determination, and therefore is unliquidated, because of unknown and possibly disputed dollar amounts of attorney fees, recovery on additional collateral, and other issues). *Compare In re Scovis*, 249 F.3d 975, 982 (9th Cir. 2001) (chapter 13 eligibility determined "by the debtor's originally filed schedules, checking only to see if the schedules were made in good faith"), *and In re Nicholes*, 184 B.R. 82, 89-91 (9th Cir. BAP 1995) (only relevance of "disputed" debts is whether the dispute is such as to render the debt unliquidated).

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, November 19, 2015**                                           **Hearing Room    1545**

<u>8:30 AM</u>
**CONT...**    **Lazara Idalis Diaz**                                                      **Chapter 13**

As an aside, Judge Bason notes that chapter 11 has substantially identical lien strip provisions to chapter 13, so any motion by the junior lienholder under section 1307 might be a pointless exercise that only increases costs to all parties.  On the other hand, perhaps the junior lienholder would be able to persuade other creditors to vote against any chapter 11 plan, so conceivably a conversion to chapter 11 would make a practical difference in the parties' disputes.  Those are all issues for another day, when and if they become relevant.

For present purposes, the point is that the junior lienholder has not shown how it can oppose lien stripping by arguing an apparently unrelated issue of whether the debtor has violated 11 U.S.C. 109(e).  Therefore the tentative ruling is to overrule this objection.

(4) <u>The junior lienholder's second objection (11 U.S.C. 1301) also appears to be irrelevant on the present record</u>.  The junior lienholder's opposition (dkt. 38, pp. 4:27-5:11) notes that the debtor's brother is a co-obligor on the debt at issue and, although his personal liability apparently has been discharged in his own chapter 7 case (case number not stated), the junior lienholder continues to hold a security interest against the property to secure the brother's obligation.  *See* Proof of Claim 6-1, Ex.E.  The junior lienholder argues that, even if the debtor can strip down the lien as it secures her own obligation, she cannot strip down the lien as it secures her brother's obligation.

In a non-sequitur, the debtor replies (dkt. 40, p.3:7-9) that the brother will execute a quitclaim deed to the debtor.  That would not affect the foregoing argument by the junior lienholder, so the debtor's reply is irrelevant.

Nevertheless, the junior lienholder's argument is also largely irrelevant, at least on the present record.  The point of the junior lienholder's argument appears to be that the debtor's motion to strip down its lien is useless because, the lienholder assumes, it will be able to pursue its remedies against the property based on the brother's unfulfilled (albeit discharged) guaranty obligation.  But on the present record the junior lienholder's premise is speculative: it seems unlikely, for the following reasons, that the junior lienholder could foreclose either (a) during the pendency of this bankruptcy case or (b) thereafter.

(a) <u>The junior lienholder will not be able to foreclose during the term of any confirmed chapter 13 plan, absent relief from the automatic stay</u>.

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, November 19, 2015**                                                                 **Hearing Room    1545**

**8:30 AM**
**CONT...    Lazara Idalis Diaz                                                                    Chapter 13**

The entire property will be protected against foreclosure by the automatic stay because (a) the debtor apparently asserts an undivided joint tenancy in the property (*see* Bankruptcy Schedule A, dkt. 11, PDF p.3; Proof of Claim 6-1 Ex.E, at PDF p.39 (Deed of Trust first sentence)), (b) the form of chapter 13 plan used in this district provides (dkt. 13, p.8, part VI) that property of the estate does not revest in the debtor until the discharge (*i.e.*, generally at the end of the plan term, over five years from now), and (c) the automatic stay continues to protect property of the bankruptcy estate until it is revested in the debtor (unless a motion for relief from the stay is granted). *See generally* 11 U.S.C. 102(2), 362(a)(3) & (5) and 362(c)(1).

It is true that the junior lienholder could seek relief from the automatic stay, but no such relief has been sought. In addition, such relief seems unlikely, for the reasons set forth in the immediately following paragraph of this tentative ruling.

(b) <u>The debtor's brother probably can strip down the lien if the debtor can do so</u>. It is true that, if the debtor's brother does nothing to avoid the lien, then the junior lienholder could (subject to relief from the automatic stay) enforce its rights as the holder of a security interest in the subject property (because that lien secures the brother's guaranty obligation, not as a personal liability of the brother, but in rem). But on the present record it appears that, <u>if</u> the debtor can strip down the lien, then so can her brother. In other words, presumably he could file a new chapter 13 or chapter 11 bankruptcy case and move to strip down the junior lienholder's lien on the same basis as the debtor.

If that turns out not to be feasible or if that does not happen soon, then presumably the junior lienholder could move for relief from the automatic stay due to a lack of adequate protection of its ("un-stripped") interest in the property. On the present record, however, Judge Bason is not aware of any reason why the brother would be unable or unwilling to pursue such relief.

(c) <u>Conclusion as to the junior lienholder's second argument</u>. At the hearing on this motion, counsel for the debtor should be prepared to address whether her brother is in fact able and willing to pursue his own lien stripping motion expeditiously (immediately after a decision on the debtor's own lien strip motion, if she is successful). If the debtor's counsel can provide evidence or a sufficient offer of proof on that issue, then the tentative ruling is to overrule the junior lienholder's objection on this ground.

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Thursday, November 19, 2015                                                               Hearing Room    1545

8:30 AM
CONT...        Lazara Idalis Diaz                                                                    Chapter 13

(5) The junior lienholder's third argument (that its loan is secured "only" by the principal residence) is unpersuasive. The junior lienholder's opposition (38 p.5:12-20) concedes that the loan at issue was previously secured by the personal property assets of the debtor's coffee business. But it argues that this is no longer so because it liquidated that collateral postpetition.

First, postpetition changes in the collateral are irrelevant. See section "(2)" of this tentative ruling, above.

Second, and alternatively, that postpetition change in collateral is void because it violated the automatic stay. The junior lienholder notes that the debtor filed a motion (dkt. 9) to continue the automatic stay, and in that motion the debtor stated that she did not seek to continue the automatic stay as against the personal property at issue. But as explained in the court's order on that motion (dkt. 16), the stay exists in part to prevent a race by different creditors to seize assets, and staying only some creditors and not others could unfairly provide an advantage to some creditors over others. Even purportedly secured creditors might have avoidable liens, or there might be other reasons why they should not be able to seize assets immediately, ahead of other creditors. Therefore, Judge Bason's standard practice is to condition any continuation of the automatic stay on application of the stay to all creditors and all property of the estate, which is what the order provides (dkt. 16).

If the junior lienholder disagreed, it should have sought relief from that order. Instead, it proceeded to liquidate the personal property in violation of the automatic stay, and its acts are void. See In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992). If the junior lienholder wishes to seek retroactive relief, it may file an appropriate motion; but meanwhile its purported liquidation of the personal property collateral is void, which is an alternative reason to reject its argument that its lien is secured "only" by the debtor's primary residence (and therefore purportedly cannot be avoided under 11 U.S.C. 1322(b)(2) or, for that matter, 1123(b)(5)).

In sum, the junior lienholder is not entitled to the protections afforded to holders of claims secured "only" by a debtor's principal residence. Its lien can be stripped down to its true economic value (i.e., whatever equity exists, after senior lients, that can secure its junior lien). Its third objection is unpersuasive.

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, November 19, 2015**                                                                                   **Hearing Room    1545**

<u>8:30 AM</u>
**CONT...        Lazara Idalis Diaz                                                                                   Chapter 13**

(6) <u>The motion on its face is defective for multiple reasons</u>.  Despite the rejection of all three objections raised by the junior lienholder, as set forth above, the tentative ruling is to deny the motion with leave to amend for each of the following three reasons.

(a) <u>Wrong form/false statements regarding principal residence</u>. As the debtor's counsel concedes (dkt. 40, p.3:10-15), he used a form that is only applicable to avoidance of wholly underwater liens on a <u>principal residence</u>.  He claims this was for "convenience" and asserts in the reply, for the first time, that the subject real property is not, in fact, the debtor's primary residence.  The reply includes a declaration by the debtor herself asserting, under penalty of perjury, that this is so.

This latest assertion is contrary to (i) her bankruptcy petition, in which she lists the subject real property as her street address (dkt. 1, p. 1), (ii) her motion to continue the stay, which states that the property is her primary residence (dkt.9, p.3), (iii) her first amended chapter 13 plan (dkt. 33, p. 5), in which she lists the arrears on the property under class 1, which is reserved for principal residence arrearages, and (iv) the debtor's <u>sworn</u> declaration filed in support of this lien strip motion (dkt. 35, pp. 7-8).  The debtor's contradictory statements and declarations under oath may have practical consequences - such as whether this bankruptcy case has been filed in the correct venue. These contradictions also reflect a cavalier attitude of both the debtor and her attorney toward the truth.

The tentative ruling is to deny the motion and require it to be filed again on the correct forms.  In addition, the tentative ruling is to set a deadline of 11/5/15 for the debtor and her attorney to file and serve (i) an amended motion (on the correct form), (ii) corrections of all prior inconsistent statements (those that allege that the house is not the debtor's principal residence), (iii) declarations under penalty of perjury explaining how they came to make their false statements, and (iv) declarations under penalty of perjury stating that they have carefully reviewed all other documents filed in this case for accuracy, and correcting those documents as needed.

In addition, the tentative ruling is to issue an order to show cause why both the debtor and her attorney should not be subject to sanctions for these contradictory and false statements (an "OSC re Sanctions").

(b) <u>Inconsistent valuations</u>.  The debtor's declaration (dkt. 35, filed as part of this motion to strip down the junior lienholder's lien) states that

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, November 19, 2015**                                                         **Hearing Room    1545**

8:30 AM
**CONT...**    **Lazara Idalis Diaz**                                                           **Chapter 13**

the property is worth $310,000 (dkt. 35, PDF p.7:10). That appears to be a typographical error.

The debtor's declaration relies on the appraisal attached to the motion papers, which values the property at $390,000 as of 3/10/15 (dkt. 35, PDF p. 19 et seq.). That appears to be what the debtor meant.

Again, however, this appears to be further evidence of a cavalier attitude toward preparing and executing declarations under penalty of perjury. This is further evidence in support of any OSC re Sanctions.

(c) <u>Inadequate evidence as to senior liens</u>. The debtor presents evidence that the balance owed on the first deed of trust is $255,000 (dkt. 35, PDF p.10). But the mortgage statement is dated 5/9/14 (*id.*), ten months before the petition date of 3/10/15. That is too old in view of possible monthly payments, loan modifications, or other events that might have reduced this senior debt. *See In re Gutierrez* (case no. 2:12-bk-49133-NB, docket no. 37).

The tentative ruling that the debtor's amended motion must provide evidence of the balance owed on this senior lien as of the petition date, or as near as possible to that date.

(7) <u>Mandatory mediation, opportunity for the junior lienholder to obtain its own appraisal, and continued hearing</u>. The tentative ruling is to order the parties to mandatory mediation, and meanwhile to set a continued hearing date for a hearing on the amended motion that is far enough out for the junior lienholder to obtain its own appraisal (if it wishes), and for the parties to attend mandatory mediation. At this hearing the parties should be prepared to address how much time they wish to accomplish these things.

If Judge Bason adopts that tentative ruling, then the debtor is directed to provide reasonable access to the property for purposes of an appraisal, and the junior lienholder is directed to file and serve the appraisal at least <u>two weeks</u> before the continued hearing. <u>Note</u>: As a reminder, Judge Bason's tentative ruling is to require valuations *at or near the petition date*. *See In re Gutierrez* (case no. 2:12-bk-49133-NB, docket no. 37).

At the continued hearing the parties should address how they propose to resolve their disputes - *e.g.*, (i) with an evidentiary hearing; (ii) with a court ruling based solely on the written record (to save costs, if all parties consent), or (iii) through appointment of an appraiser (jointly selected by the parties/their appraisers) as the court's own expert under FRE 706.

United States Bankruptcy Court
Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Thursday, November 19, 2015**　　　　　　　　　　　　　　　　　　　　　**Hearing Room  1545**

8:30 AM
CONT...　　**Lazara Idalis Diaz**　　　　　　　　　　　　　　　　　　　　　**Chapter 13**

If you do not appear, and the matter is not adequately resolved by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

| Party Information |
|---|

**Debtor(s):**

　Lazara Idalis Diaz　　　　　　　　　　　Represented By
　　　　　　　　　　　　　　　　　　　　　　Giovanni Orantes

**Movant(s):**

　Lazara Idalis Diaz　　　　　　　　　　　Represented By
　　　　　　　　　　　　　　　　　　　　　　Giovanni Orantes

**Trustee(s):**

　Kathy A Dockery (TR)　　　　　　　　　Pro Se